IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KRISTOPHER NATION,

Petitioner,

v.

WARDEN E. EMMERICH,

Respondent.

OPINION and ORDER

25-cv-84-jdp

---

Kristopher Nation, proceeding without counsel, is incarcerated at the Federal Correctional Institution in Oxford, Wisconsin. Nation seeks a writ of habeas corpus under 28 U.S.C. § 2241, challenging a prison disciplinary hearing in which the Bureau of Prisons stripped him of good-conduct time. I directed the government to respond to the petition. After considering the parties' submissions, I will deny Nation's petition.

BACKGROUND

Nation is currently serving a sentence for possession with intent to distribute methamphetamine, cocaine, and marijuana. *United States v. Nation*, No. 17-cr-151 (S.D. Iowa May 30, 2018). He is currently housed at FCI-Oxford.

On February 17, 2023, while Nation was house at a different federal facility, he was issued an incident report for possessing a cellphone. The cellphone was recovered from an inmate whose cell was next to Nation's. A forensic examination of the phone showed a recent call to and recent WhatsApp messages from an area code 779 number. A review of the BOP's electronic messaging system showed that a couple months before these contacts, Nation emailed a person asking for his phone number, to which the person replied with the same area

code 779 number. Nation was charged with "possessing a hazardous tool" because a prisoner could use it to facilitate an escape attempt, bring contraband into the prison, circumvent phone monitoring, or pass illicit information.

A disciplinary hearing was set. Nation signed a form stating that he did not wish to have a staff representative and did not wish to call witnesses. The hearing was held before Discipline Hearing Officer G. Crews. Nation denied making the phone call or messages. Crews issued a decision noting that the area code 779 number wasn't on any inmates' contact list but was linked to communications with Nation, so there was sufficient evidence to support the charge. Crews found Nation guilty of possessing a hazardous tool and imposed various sanctions, including the loss of 41 days of good-time credit.

ANALYSIS

Nation's main contention is that there was no rational basis to convict him of possessing the cell phone, which I construed as him bringing a due process challenge to the disciplinary conviction based on there being no evidence supporting his guilt.

Due process protections apply only when a protected liberty or property interest is at stake. *See Abcarian v. McDonald*, 617 F.3d 931, 941 (7th Cir. 2010). Nation has a protected liberty interest in the good-time credits that he earned. *Jones v. Cross*, 637 F.3d 841, 845 (7th Cir. 2011). When a prisoner loses good-time credits, courts have held that a prisoner is entitled to: (1) written notice of the claimed violation at least 24 hours before the hearing; (2) an opportunity to call witnesses and present documentary evidence (when consistent with institutional safety) to an impartial decision maker; (3) a written statement by the factfinder

of the evidence relied on and the reasons for the disciplinary action; and (4) a decision supported by "some evidence." *Id.*; *see also Wolff v. McDonnell*, 418 U.S. 539, 563–69 (1974).

Nation contends that there wasn't "some evidence" of his guilt. "Some evidence" is a "lenient standard requiring no more than a modicum of evidence." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000), as amended, (Aug. 18, 2000) (internal citation and quotation marks omitted). "Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id.* (citation and internal quotation marks omitted). Evaluating whether some evidence supports a disciplinary decision "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455–56 (1985).

I conclude that there was some evidence that Nation possessed the phone because it contained a phone call and messages from a number that he had sought months earlier, and no inmate (including Nation) had that number on their contacts list.

Nation argues that this is unfair because other inmates received punishment for numbers found on the cell phone after those numbers were also found on their particular contact lists. But the presence of even stronger evidence to convict those other inmates doesn't mean that Nation's conviction lacked "some evidence" and it isn't a basis to conclude that his due process rights were violated.

Nation states that after his conviction, another inmate confessed to calling or messaging the area code 779 number. But the administrative record contains only Nation's assertion that

such a confession occurred, not the written confession that Nation states exists. And in any event, I am limited to deciding whether some evidence supported the conviction, not whether I would come to a different decision if I weighed the evidence independently. Even with this alleged confession, there was some evidence to convict Nation.

Nation otherwise argues in his brief-in-chief (he didn't file a reply) that too much time—about six weeks—elapsed between the recovery of the phone and him being charged with possessing the phone. But that isn't one of the few due process rights that inmates have in their disciplinary proceedings, and it's understandable why time was needed to conduct a forensic analysis. Nation doesn't suggest how he was prejudiced by this delay.

Because Nation fails to show that his due process rights were violated, I will deny his habeas petition.

ORDER

IT IS ORDERED that:

1.  Petitioner Kristopher Nation's petition for writ of habeas corpus under 28 U.S.C. § 2241 is DENIED.

2.  The clerk of court is directed to enter judgment and close this case.

Entered April 15, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

4